IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEVERLY J. ROCKETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-641-S-BN |
| | § | |
| ARMY AND AIR FORCE EXCHANGE SERVICE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Beverly J. Rockett filed this *pro se* action for defamation against the Army and Air Force Exchange Service, her former employer. *See* Dkt. No. 3. Because Rockett is proceeding *pro se*, the presiding United States district judge referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit for lack of subject-matter jurisdiction.

**Legal Standards**

A district court may "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *accord Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on 12(b)(6) grounds *sua sponte*." (citations omitted)). "The broad

rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

A magistrate judge's findings, conclusions, and recommendation provide notice, and the period for filing objections to them affords the parties an opportunity to respond. *See, e.g.*, *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.), *cert. denied*, 140 S. Ct. 142 (2019).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

Rockett chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per

curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

And, if the party invoking federal jurisdiction fails to establish it, the lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## Analysis

This case is Rockett's third attempt to bring claims against her former employer, the Army and Air Force Exchange Service ("AAFES") relating to her alleged wrongful termination. Rockett initially brought claims under Title VII and the Age Discrimination in Employment Act, which were dismissed with prejudice. *See Rockett v. Esper*, No. 3:20-CV-1502-C-BK, 2022 WL 774036 (N.D. Tex. Feb. 15, 2022), *rec. adopted*, 2022 WL 768630 (N.D. Tex. Mar. 14, 2022), *appeal dismissed*, No. 22-10504, 2022 WL 17037663 (5th Cir. Oct. 18, 2022).

She then sought to bring defamation claims relating to alleged false statements by her supervisors at AAFES under the False Claims Act and federal criminal statutes, which were dismissed for lack of subject matter jurisdiction. *See Rockett v. Hegseth*, No. 3:25-cv-384-K-BK, 2025 WL 1032700 (N.D. Tex. Mar. 14, 2025), *rec. adopted*, 2025 WL1031292 (N.D. Tex. Apr. 7, 2025).

Days after the magistrate judge's recommendation to dismiss her first defamation case, Rockett filed this case, again alleging four counts of defamation relating to alleged false statements by supervisors and human resources staff at the AAFES. *See* Dkt. No. 3. In her jurisdictional statement, Rockett alleges various

statutory bases for her defamation claims, including federal criminal statutes, statutes relating to the enforcement of foreign defamation judgments and setting out federal employment practices, and Title VII. *See id.* at 3.

But defamation is a tort, meaning that the only proper way for Rockett to bring a defamation claim against a federal agency would be if it were allowable under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. §§ 2674, 2679. It is not.

"The AAFES, like other military exchanges, is an arm of the government deemed by it essential for the performance of governmental functions and partakes of whatever immunities it may have under the constitution and federal statutes." *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 733-34 (1982) (cleaned up). And, "[a]s the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994); *see also Hebert v. United States*, 438 F.3d 483, 487 (5th Cir. 2006) ("The United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." (cleaned up)).

The FTCA provides a limited waiver of immunity for tort claims, but "[i]f the conduct upon which a claim is based constitutes a claim 'arising out of' any one of the torts listed in section 2680(h) [of the FTCA], then the federal courts have no jurisdiction to hear that claim." *Truman*, 26 F.3d at 594. Section 2680(h) specifically lists claims for libel, slander, and misrepresentation, which has been interpreted to include defamation claims. *See Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016); *Johnson v. Sawyer*, 47 F.3d 716, 732 (5th Cir. 1995); *Williams v. United States*,

71 F.3d 502, 507 (5th Cir. 1995).

Because there is no waiver of sovereign immunity for Rockett's defamation claims, this Court does not have subject-matter jurisdiction to hear her claims.

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when a plaintiff has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

This complaint is Rockett's third lawsuit relating to her termination from AAFES and her second lawsuit alleging defamation claims. Her current complaint fails to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of the complaint, it is highly unlikely that, given another opportunity, Rockett could allege viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

But the opportunity to file objections to these findings, conclusions, and recommendation (as further explained below) allows Rockett another opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

## Recommendation

The Court should dismiss the complaint for lack of subject-matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 25, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE